UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| AZIZIA PETERSON, | CIV 12-4189 |
| Movant, | |
| -vs- | ORDER DENYING MOTION FOR REDUCED SENTENCE UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Pending before the court is movant Azizia Peterson's motion for a reduced sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Peterson's motion is denied.

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010. Among other things, the Fair Sentencing Act reduced the statutory penalties for crack cocaine offenses, reducing the disparity in federal criminal penalties between powder and crack cocaine offenses. On October 12, 2010, the Eighth Circuit issued its first decision holding that the Fair Sentencing Act was not retroactive. *United States v. Brown*, 2010 WL 3958760 (8th Cir. 2010) (unpublished).

A jury convicted Peterson of conspiracy to distribute a mixture containing cocaine base in a quantity of 50 grams or more. She was sentenced on December 6, 2010. At sentencing, a total of 28.35 grams of crack cocaine and 1,842 grams of powder cocaine were attributed to Peterson. In light of the Eighth Circuit's holding that the Fair Sentencing Act was not retroactive, the court believed Peterson was subject to a mandatory minimum sentence of 120 months' imprisonment. With a criminal history category of VI, Peterson's advisory guideline range was 140 to 175 months. The court used a 1:1 ratio between crack and powder cocaine and determined Peterson's advisory guideline range to be 120 to 150 months. The court varied downward to avoid unwarranted sentencing disparities among similarly situated defendants and imposed a sentence of 120 months' imprisonment.

On June 21, 2012, the United States Supreme Court held that the more lenient penalties of the Fair Sentencing Act apply to those offenders whose crimes occurred before the effective date of the Act, but who were sentenced after that date. *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The court agrees with Peterson that the Fair Sentencing Act applies to her, and the court finds that Peterson's claim is cognizable under 28 U.S.C. § 2255. Under the facts of the case, however, the court concludes that Peterson is not entitled to the sentence reduction that she seeks.

Under the Fair Sentencing Act, Peterson's statutory mandatory minimum sentence is 60 months instead of 120 months, but Peterson's sentence was not based on a 120-month mandatory minimum. The court varied downward from Peterson's advisory guideline range in order to avoid unwarranted sentencing disparities with other drug distribution conspirators with similar records who had been sentenced by this court[1]. Under the revised sentencing guidelines in effect today, Peterson's advisory guideline range remains at 140 to 175 months, which still exceeds her 120-month sentence. After considering all relevant statutes and sentencing guidelines, including the factors set forth in 18 U.S.C. § 3553(a), this court would impose the same sentence of 120 months today.[2] Thus, Peterson's sentence is not unlawful, and she is not entitled to relief under 28 U.S.C. § 2255. Accordingly,

    IT IS ORDERED

---

[1] Azizia Peterson compares her sentence to that of Milton Peterson, but they are not similarly situated defendants. Milton Peterson pleaded guilty and cooperated with the government. He received a reduction in his sentence for his acceptance of responsibility. Disparities in sentences "generally are not unwarranted where one defendant cooperates and one does not . . . ." *United States v. Crumley*, 528 F.3d 1053, 1068 (8th Cir. 2008). In addition, Milton Peterson's much lower criminal history category of I allowed him to receive safety valve reductions under the provisions of 18 U.S.C. § 3553(f) and USSG §§ 2D1.1(b)(11) and 5C1.2.

[2] The court rejects Peterson's ineffective assistance of counsel claim based on counsel's failure to request application of the more lenient penalties under the Fair Sentencing Act at sentencing. Peterson's pre-Act and post-Act advisory guideline ranges exceed both the pre-Act and post-Act mandatory minimums, so her sentence is unaffected by the mandatory minimums, and she has suffered no prejudice.

1. That movant Azizia Peterson's motion for a reduced sentence pursuant to 28 U.S.C. § 2255 is denied.

2. That a Certificate of Appealability will not issue on the claims raised in the § 2255 motion.

Dated May 17, 2013.

        BY THE COURT:


        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE